UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAY GENE HARRINGTON,

        Plaintiff,

v.                                                                                                  Case No. 07-C-294

DAVID A. CLARKE JR., JOHN HUSZ,
MATTHEW J. FRANK, and CHERI MAPLES,

        Defendants.

## DECISION AND ORDER

    Plaintiff, Ray Gene Harrington, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By decision and order dated October 10, 2007, the court screened the complaint and determined that it was deficient because the plaintiff failed to allege a specific act of wrongdoing by any defendant and because he asserted a claim against an individual who was not identified as a defendant. Therefore, the plaintiff was directed to file an amended complaint curing the deficiencies in the original complaint. Currently before the court is the plaintiff's amended complaint.

    Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. *Id.* Therefore, the proposed amended complaint must next be screened pursuant to 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

-2-

Case 2:07-cv-00294-JPS   Filed 05/07/08   Page 2 of 7   Document 13

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Background

The plaintiff is currently incarcerated at Dodge Correctional Institution (DCI). However, the alleged wrongdoing occurred at the Milwaukee County Jail and Milwaukee Secure Detention Facility.

Defendant David A. Clarke Jr. is the Sheriff of Milwaukee County. Defendant John Husz is the warden of Milwaukee Secure Detention Facility (MSDF). Defendant Matthew J. Frank is the secretary of the Wisconsin Department of Corrections (DOC). Defendant Cheri Maples is a DOC administrator.

On January 6, 2006, the plaintiff was arrested on a parole warrant to absconding and criminal damage to property. The plaintiff was held on a parole violation for six months and then released.

On January 12, 2007, the plaintiff was falsely accused of retail theft. He was held on a probation violation. While in the custody of the Milwaukee County Sheriff's Department, the plaintiff was denied medical care, which caused him to experience mental anguish, mental and physical torture, hallucinations, homicidal and suicidal ideations, elevated blood pressure and an enlarged heart.

The plaintiff repeatedly informed jail staff about his mental illnesses, including post-traumatic stress disorder, chronic major depression, paranoid schizophrenia, bipolar disorder, antisocial personality disorder, and obsessive-compulsive disorder. The plaintiff also told staff that he was temporarily homeless, which resulted in him going without his medications for more than one month.

Despite his complaints of mental and physical pain, the plaintiff was handcuffed and kept in close proximity to another inmate who constantly threatened him with physical and sexual assault. Eventually, the plaintiff was forced to defend himself. He was charged with battery, which was later reduced to disorderly conduct.

The plaintiff avers that he was in a state of mental, physical and psychological torture, terror and anguish from January 12, 2007, and beyond. He was placed in solitary confinement and his repeated requests for medical and psychological care were denied.

After his arrival at MSDF, the plaintiff was placed on the special needs unit. At some point, he was rushed to the emergency room at Mt. Sinai Hospital where he was diagnosed with an enlarged heart.

The plaintiff alleges that the defendants violated his rights under the Eighth Amendment. He further avers that John Does denied him medical care and that defendant Clarke failed to train or oversee the employees who denied him adequate medical care. For relief, the plaintiff demands monetary damages and injunctive relief.

**B.     Analysis**

Review of the complaint reveals that it is deficient in several respects. First, the caption names David A. Clarke Jr., John Husz, Matthew J. Frank, and Cheri Maples as defendants. However, with the exception of their job descriptions, no mention of any defendant is made in the section setting forth the plaintiff's medical

and psychological care claims. It is well established that section 1983 does not create a claim based on collective or vicarious responsibility. *Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). Thus, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Thus, the plaintiff's failure to assert a specific act of wrongdoing by any defendant does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

For the foregoing reasons, the amended complaint fails to state a claim. Accordingly, the plaintiff's request to amend the complaint will be denied. However, based on the limited facts in the amended complaint, the court cannot say that the plaintiff does not have any constitutional claim. Therefore, the court will provide plaintiff with one more opportunity to clarify the nature of his claims.

The plaintiff is advised that if he wishes to proceed on his medical and psychological treatment claims, or any other claims, he must file an amended complaint curing the deficiencies noted above. The plaintiff must identify the responsible defendants and specify the manner in which their action, or failure to take action, violated his constitutional rights. Such amended complaint must be filed

on or before **June 2, 2008.** Failure to file an amended complaint by this date may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Ed. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Once received, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A(a).

Accordingly,

**IT IS ORDERED** that the plaintiff's request to amend the complaint (Docket #12) is **DENIED.**

**IT IS FURTHER ORDERED** that any amended complaint is due on or before **June 2, 2008.** Failure to file an amended complaint by this date could result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge